PEIRCE PHELPS, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. STEVE LUCAS, JR., AND MAE LUCAS, HIS WIFE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 26, 1951—Decided December 10, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Albert B. Melnik* argued the cause for the appellant (*Messrs. Wexler and Weisman,* of counsel).

The opinion of the court was delivered

PER CURIAM. The plaintiff seeks recovery from the defendant Mae Lucas for merchandise delivered to the defendant Steve Lucas, Jr., pursuant to the following instrument addressed and delivered to it:

"We, the undersigned, hereby request you to open a charge account for us so that we, either of us, may obtain goods and services on credit, and in consideration of your doing so, we agree with you to pay any and all sums due by us for merchandise sold and delivered to us, or either of us, for all services performed for us, or either of us.

Signed and Delivered June 3, 1949

Steve Lucas, Jr. (SEAL)
Mae Lucas (SEAL)

Witnessed by:
A. F. Ulley"

On cross-motions below the court entered summary judgment against the defendant Steve Lucas, Jr., and in favor of defendant Mae Lucas. No appeal has been taken by Steve Lucas, Jr., but the plaintiff has duly appealed from the judgment for Mae Lucas. Although some conflicting inferences may be drawn from the affidavits submitted below, those on plaintiff's behalf, which must be accepted for present purposes, set forth the following:

The instrument dated June 3, 1949, was signed by Steve Lucas, Jr., and his wife Mae Lucas for the purpose of obtaining credit from the plaintiff and inducing it to open a charge account; the offer therein was "orally accepted" by the plaintiff and "a charge account was accordingly opened and credit was promptly extended in reliance thereon"; Steve Lucas, Jr., under the arrangement therein promptly ordered merchandise from the plaintiff on credit; his first order was filled on or about June 14, 1949, and numerous later orders from him were filled from time to time between June, 1949, and August, 1950; payments on account were received by the plaintiff but there is a balance due in the sum of $4,520.04 which the defendants have failed and refused to pay.

The sole question presented is whether the lower court was justified upon the foregoing showing in entering judgment for the defendant Mae Lucas in advance of trial; we are satisfied that it was not. *Cf. Templeton v. Glen Rock,* 11 *N. J. Super.* 1 (*App. Div.* 1950). The plaintiff contends that the instrument dated June 3, 1949, contemplated that both defendants would be responsible for all merchandise delivered on credit pursuant thereto without regard to which individual defendant actually ordered and received the merchandise. If it receives such construction, then the plaintiff's showing would appear sufficient to call upon the defendant Mae Lucas for her affirmative defenses, if any. See *Atlantic Pebble Co. v. Lehigh Valley R. R. Co.,* 89 *N. J. L.* 336, 342 (*E. & A.* 1916). *Cf. Williston, Contracts* (*Rev. ed.* 1936), § 69. On the other hand if it is construed to impose liability only upon the person who actually ordered and received the merchandise then, upon the plaintiff's showing, the defendant Mae Lucas would not be liable. While the plaintiff's position has been advanced with much force we are satisfied that the construction of the instrument must await trial. At that time extrinsic evidence will be admissible to aid in ascertaining the meaning of the instrument. *Corn Exchange, &c., Phila., v. Taubel,* 113 *N. J. L.* 605, 610 (*E. & A.* 1934); *New York Sash, &c., Inc., v. National House, &c., Inc.,* 131

*N. J. L.* 466, 470 (*E. & A.* 1943); *Casriel v. King,* 2 *N. J.* 45, 50 (1949). And although ordinarily the construction of an agreement is a question of law for the court, if a factual issue is presented as the result of the introduction of the extrinsic evidence its determination will be for the jury. See *Edge v. Boardwalk Securities Corp.,* 115 *N. J. L.* 286, 290 (*E. & A.* 1935); *Jennings v. Pinto,* 5 *N. J.* 562, 570 (1950).

Reversed with costs to abide the event of trial.